IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBORAH NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2287-G-BN |
| | § | |
| MEGAN J. BRENNAN, Postmaster | § | |
| General, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deborah Nelson filed a *pro se* action concerning her employment,
attaching to her complaint a final agency decision from the U.S. Postal Service as to
employment claims. *See* Dkt. No. 3.

Her action was referred to the undersigned United States magistrate judge for
pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from
Senior United States District Judge A. Joe Fish.

On October 29, 2019, Nelson paid the $400 filing fee. *See* Dkt. No. 8. The next
day, the Court entered an order advising Nelson that, by doing so, she assumed the

> responsibility to properly serve the named defendant with a summons
> and the complaint in accordance with Federal Rule of Civil Procedure 4.
> *See* FED. R. CIV. P. 4(i) (setting forth procedures for serving the United
> States and its agencies, corporations, officers, or employees); *see also*
> FED. R. CIV. P. 4(d) (regarding a defendant's waiving service). That is,
> Nelson must properly serve the defendant and also file proof of service
> with the Court in accordance with Rule 4(*l*) or obtain a waiver of service
> from the defendant.
>     The Court further advise[d] Nelson that, if proper service is not
> made – and shown to the Court through her filing proof of service (or
> waiver of service) – before the 90th day after the filing of this action

(which occurred on September 25, 2019) that is not a Saturday, Sunday, or legal holiday – which will be **December 24, 2019** – this case is subject to dismissal without prejudice unless she shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. See FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 9. While, in November 2019, the Court did issue a summons as requested by Nelson, *see* Dkt. Nos. 10 & 11, she still failed to comply with the October 30 order. The Court therefore entered a second order regarding service on March 4, 2020:

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012). It is now more than 90 days after Nelson's filing this action. And this order serves as a second notice under Rule 4. Accordingly, Nelson must file a response to this order by **April 3, 2020** to establish both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m). Failure to do so will result in a recommendation that this case be dismissed without prejudice.

Dkt. No. 15 (footnote omitted).

Because that deadline has now passed without Nelson either filing the court-ordered response or otherwise contacting the Court, the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should conditionally dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

## Legal Standards and Analysis

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure

to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Nelson has not shown that she timely and properly effected service – or moved for an extension of time to do so, as allowed by the Court's orders – and because the Court explicitly advised her (twice) that failure to do so will subject her action to dismissal under Rule 4(m), *see* Dkt. Nos. 9 & 15, the Court should now dismiss this action without prejudice under Rule 4(m).

Similarly, Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*

- 3 -

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser

sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting Nottingham, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By failing to comply with the Court's orders regarding service of process, Nelson has prevented this action from proceeding. And, by so doing, she has failed to prosecute her lawsuit and failed to obey a court order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances.

The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Nelson decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

To the extent that Nelson asserts a Title VII or similar claim, "this case cannot be timely refiled once dismissed as more than ninety days [will] have elapsed since [Nelson] received" the June 11, 2019 final agency decision of the U.S. Postal Service

attached to her complaint [Dkt. No. 3 at 3-26], *Dudley v. Dallas Indep. Sch. Dist.*, No. 3:99-cv-2634-BC, 2001 WL 123673, at *3 (N.D. Tex. Jan. 12, 2001) (citations omitted). "Thus, dismissal of [this] case even without prejudice will operate as a dismissal with prejudice." *Id.*; *see Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period." (citation omitted)).

The Court should therefore condition its dismissal without prejudice under Rules 4(m) and 41(b) to allow Nelson leave to file a motion to reopen this action on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation. *Cf. Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017) (adopting similar procedure), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) and without prejudice to Plaintiff Deborah Nelson's filing a motion to reopen this case on or before 30 days from the date of any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE